# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

**DILEAN REYES-RIVERA,**

    Petitioner,

v.

**UNITED STATES OF AMERICA,**

    Respondent.

**Civil No. 17-2336 (ADC)**
**[Related to Crim. No. 08-00324-1 (ADC)]**

## OPINION AND ORDER

Pending before the Court is Dilean Reyes-Rivera's *pro se* motion under §2255 ("petition") and memorandum in support, **ECF Nos. 3,** and Respondent's motion to dismiss at **ECF No. 12** and petitioner's opposition to the Government's motion to dismiss **ECF No. 22.** For the following reasons, petitioner's motion is **DENIED WITH PREJUDICE** as untimely under 28 U.S.C §2255.

### I. Procedural Background

On September 25, 2008, a grand jury returned a multi-count indictment against petitioner on counts of conspiracy to commit securities fraud, bank fraud, conspiracy to commit wire fraud, and conspiracy to commit money laundering, as well as a forfeiture allegation. **Crim. No. 08-234 (ADC), ECF No. 3**.[1] On November 21, 2012, Reyes-Rivera pled guilty to conspiracy to commit wire fraud in violation of 18 U.S.C. §§ 371 & 1343, bank fraud in violation of 18 U.S.C. § 1344(1)(2), and admitted the forfeiture allegation. **Crim. No. 08-234 (ADC), ECF No. 156.** On June 26, 2013, he was sentenced to 60 months as to the conspiracy count and 242 months as to the bank fraud

---

[1] Petitioner was the "mastermind of a *Ponzi* scheme, operated largely in Puerto Rico, which defrauded over 230 vulnerable people out of approximately $22 millions." *U.S. v. Reyes-Rivera*, 812 F.3d 79, 82 (1st Cir. 2016).

count, to be served concurrently with each other. **Crim. No. 08-234 (ADC), ECF No. 233**. Petitioner appealed. However, the sentence was affirmed on appeal. **Crim. No. 08-234 (ADC), ECF No. 282**, *see U.S. v. Reyes-Rivera*, 812 F.3d 79 (1st Cir. 2016). Finally, on November 14, 2016, the Supreme Court denied his petition for a writ of certiorari. *See Reyes-Rivera v. United States*, 137 S. Ct. 487 (2016).

Petitioner filed the instant *pro se* petition to vacate his sentence under 28 U.S.C. §2255 challenging the constitutionality of his sentence and claiming ineffective assistance of counsel. **ECF No. 3**. The petition appears signed on November 16, 2017 but was docketed on November 30, 2017. **ECF No. 3**. On January 4, 2018, petitioner filed an 85-pages memorandum in support of his petition ("memorandum"). **ECF No. 7**. Respondent filed a motion to dismiss. **ECF No. 12**. After several extensions of time, petitioner filed a response thereto. **ECF No. 22**.

## II. Analysis

Title 28 of United States Code §2255(f) establishes a one-year period of limitations for motions under §2255. In general, this period may run from one of four instances,

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. §2255(f).

In the "postconviction relief[] context," "finality has a long-recognized, clear meaning: Finality attaches when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires." *Clay v. U.S.*, 537 U.S. 522, 527 (2003)(internal citations omitted). Accordingly, petitioner's sentence became final on November 14, 2016 when the Supreme Court denied his certiorari petition. *See Reyes-Rivera v. United States*, 137 S. Ct. 487 (2016). The filings in the docket reflect that petitioner signed the petition on November 16, 2017 and certified that it was placed in the "prison mailing system" on even date. **ECF No. 3** at 17. According to the petition's date, petitioner's motion for §2255 was signed and filed two days after the expiration of the applicable one-year statute of limitation.

Petitioner proffered no justification as to the untimeliness of his petition either in the petition at **ECF No. 3** or in his 85-page memorandum in support at **ECF No. 7**. It was not until after the Government filed its motion to dismiss (**ECF No. 12**) that petitioner filed a response addressing the untimeliness of his petition at **ECF No. 22**. In his response, petitioner argued that the AEDPA term is not jurisdictional and discussed several legal arguments. However, after sifting through petitioner's legal analysis and extensive legal citations, the Court was not able to find any specific factual grounds to set aside the statutory time constraints that bar the petition at **ECF No. 3**.

Petitioner simply states that "being confined, [he] did not have access to means to know the exact date when the Supreme Court denied the writ of certiorari[,]" which he claims was filed

by his "lawyer without petitioner's knowledge and/or authorization." **ECF No. 22** at 9. Petitioner also avers that his appeal attorney' assistance was ineffective as he was not informed of the status of his appeal or Supreme Court's determination to deny the writ of certiorari. *Id*. Rather, he was "occasionally notified about the status of his case by a friend that sent him copies of District and Appellate Dockets to his Corrlinks (sic) email." *Id*.[2] Without specifically stating that he himself was confused by the court's docket entries, petitioner argues that inmates, in general, could mix and confuse the dates "that appear in front of the docket entry" (reflecting date of the entry) with the actual date of the Supreme Court's denial of a petition. *Id* at 10. Finally, guided by the factors applicable under the equitable tolling doctrine, petitioner asserts that he pursued his rights diligently and argued--without proffering any factual ground-- that extraordinary circumstances prevented him from filing his petition in time. **ECF No. 22** at 17-24. Ultimately, petitioner argues, the 2-day delay in filing his petition cannot be considered a prejudice to the prosecution. *Id*. Petitioner's arguments, however, are insufficient to warrant equitable tolling or any other relief against the 28 U.S.C. §2255 one-year statute of limitations.

      The doctrine of equitable tolling provides that, in exceptional circumstances, a statute of limitations "may be extended for equitable reasons not acknowledged in the statute creating the limitations period." *Ramos-Martínez v. United States*, 638 F.3d 315, 321 (1st Cir. 2011). The limitations period may be equitably tolled if the petitioner shows "(1) that he has been pursuing

---

[2] Yet, contrary to this allegation, petitioner stated elsewhere that he was informed of the Court Appeals' ruling "by a letter from a third party, where they offered services for assisting him in post-conviction processes." **ECF No. 22** at 21.

his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citation omitted). "A habeas petitioner bears the burden of establishing the basis for equitable tolling." *Riva v. Ficco*, 615 F.3d 35, 39 (1st Cir. 2010) (*citing Holland*, 560 U.S. at 649). Equitable tolling is available only in cases in which "circumstances beyond the litigant's control have prevented him from promptly filing." *Cordle v. Guarino*, 428 F.3d 46, 48 (1st Cir. 2005) (citations omitted). A court's power to invoke equitable tolling, however, must be exercised case by case. *Ramos-Martínez*, 638 F.3d at 322.

Petitioner has not shown that he is entitled to equitable tolling or any other ground to entertain an otherwise untimely petition. Although petitioner mentions that he tried to contact his attorney on several occasions, he fails to mention an approximate date of such attempts for purposes of showing an exercise of reasonable diligence within the one-year statute of limitations to file a timely §2255 petition. *See Torres-Santiago v. United States*, 865 F. Supp.2d 168, 176 (D.P.R. 2012).

Likewise, from the record the Court gleans no circumstance--much less and extraordinary one-- that stood in petitioner's way, preventing a timely filing of §2255 petition. Aside from setting forth generalized allegations of lack of access to courts' dockets and his status as an inmate, petitioner does not provide specific factual allegations showing the date and duration of any particular hurdle or circumstance beyond his control, or that his movements were limited to an extent amounting to extraordinary circumstances, preventing him from timely filing a timely petition. The First Circuit has held that "the usual problems inherent in being incarcerated do not

justify equitable tolling." *Holmes v. Spencer*, 685 F.3d 51, 63 (1st Cir. 2012) (citing *Baldayaque v. United States*, 338 F.3d 145, 152 (2d Cir. 2003)); *see Ramírez v. Yates*, 571 F.3d 993, 998 (9th Cir. 2009) (petitioner not entitled to equitable tolling simply because he remained in administrative segregation and had limited access to law library and copy machine); *Santana v. United States*, 939 F. Supp. 2d 109, 115 (D.P.R. 2013) (finding that a three-week period waiting for his personal belongings and papers to arrive at another prison does not qualify as extraordinary circumstances which would support equitable tolling). Of particular relevance here, the First Circuit has noted that if courts "tolled AEDPA's limitation period every time a prisoner with no legal training had his library time strictly regulated, §2244(d) might as well not exist; few prisoners are lawyers, and few prisons offer their occupants unfettered library access." *Holmes v. Spencer*, 685 F.3d at 63.

Furthermore, petitioner cannot simply hide behind his ignorance of the law in order to avoid a statute of limitation. Courts within the First Circuit have repeatedly reasoned that ignorance of the law even for incarcerated *pro se* litigants, does not constitute extraordinary circumstances that justify tolling the time requirement in §2255. *Santana*, 939 F. Supp. 2d at 115-116.

In addition to the lack of factual allegations in support of petitioner's request for an exceptional relief, the Court also notes several particular inconsistencies among petitioner's scarce factual assertions that solidify the grounds for dismissal of the petition. First, petitioner failed to specifically identify or even suggest an approximate date in which he learned that his petition for a writ of certiorari was denied by the Supreme Court. Even though petitioner claims he acted

with the outmost diligence in pursuing his rights, he failed to give the Court at least an approximation of the time he came to know about the Supreme Court decision. Needless to say, petitioner did not submit any document in support of his vague assertions even though he filed a 25-page response at **ECF No. 22** along with 2 Exhibits attached thereto, and a memorandum of 85 pages also with several additional Exhibits at **ECF No. 7**. Among the hundreds of pages submitted by petitioner, the Court was not able to find anything to substantiate a finding of extraordinary circumstances that stood in petitioner's way to file his petition in timely fashion. Thus, there is no ground for the Court to stand in setting aside the applicable statute of limitation even if such limitation is not a jurisdictional one, as petitioner correctly and repeatedly argued in his memorandum at **ECF No. 7**. *See Ramos-Martínez v. United States*, 638 F.3d 315, 322 (1st Cir. 2011).

Second, petitioner stated that he did not know about the fact that his appeals attorney filed a petition for a writ of certiorari on his behalf in the Supreme Court. **ECF No. 22** at 9-10.[3] Petitioner asserts the certiorari petition was filed without his authorization or without consulting with him the legal issues to be raised. *Id* at **ECF No. 3** at 5. If in fact petitioner did not know a petition for certiorari was filed on his behalf, as he now claims at **ECF No. 22** at 10, then his petition at **ECF No. 3** would not be 2-days late, but rather several months late and clearly time barred even under

---

[3] However, in the petition, petitioner checked the box indicting that he did file a petition for certiorari in the United States Supreme Court. **ECF No. 3** at 2. Likewise, in his memorandum at **ECF No. 7** at 7, petitioner acknowledges that his "lawyer" filed a petition for writ of certiorari in the Supreme Court.

petitioner's argument. *Clay v. U.S.*, 537 U.S. 527(the one-year statute of limitations in this case would have started "when the time for filing a certiorari petition expires.")

Third, contrary to his unsupported claim of not knowing that his lawyer filed a petition in the Supreme Court, the record suggests that petitioner has chosen to argue that the one-year statute of limitation should be calculated based on the wrong date. In his petition at **ECF No. 3** at 2, and memorandum at **ECF No. 7** at 4, 63, petitioner erroneously indicates that his petition for a writ of certiorari was denied by the Supreme Court on November 28, 2016. The truth of the matter, however, is that the Supreme Court denied his petition for a writ of certiorari on November 14, 2016. *See Reyes-Rivera v. United States*, 137 S. Ct. 487 (2016). Curiously, in his response at **ECF No. 22** petitioner concedes that November 14, 2016 is the date that triggered the one-year statute of limitation applicable to his petition, yet he fails to admit that his petition was filed based on the wrong date. Instead of coming clean, petitioner only argues that a 2-day delay is not prejudicial to the Government's interest. **ECF No. 22**. Petitioner's arguments are unsupported and clearly misguided.

As pointed out in the Government's motion to dismiss at **ECF No. 12**, the First Circuit has held that a petition mailed from prison one day after expiration of grace period of limitations could not be deemed timely filed. *Dixon v. U.S.*, 729 Fed. Appx. 16, 19 (1st Cir. 2018)(unpublished)("one day late"). Moreover, in *Lattimore v. Dubois*, 311 F.3d 46, 53–54 (1st Cir. 2002) the Court of Appeals determined that "[i]f Lattimore is given the benefit of the prisoner mailbox rule… and his petition were deemed to be filed on April 25, 1997, the date it was allegedly

deposited in the prison mail system, **his petition was still one day late and hence barred**." (Emphasis added). S*ee also U.S. v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000)("[f]oreclosing litigants from bringing their claim because they missed the filing deadline by one day may seem harsh, but courts have to draw lines somewhere, statutes of limitation protect important social interests").

The petition at **ECF No. 3** was signed by petitioner and placed on the prison mailing system 2 days outside the applicable one-year statute of limitation and is thus barred. Considering that the First Circuit has "made it pellucid 'that equitable tolling, if available at all, is the exception rather than the rule; [and that] resort to its prophylaxis is deemed justified only in extraordinary circumstances'" *Donovan v. Maine,* 276 F.3d 87, 93 (1st Cir. 2002), this case is far from the exceptional circumstances that warrant entertaining a time barred §2255 petition.

Regardless of petitioner's reluctance in admitting that he misunderstood the date in which the Supreme Court denied his petition for a writ a certiorari, the truth of the matter is that the docket entry he cites, makes it quite clear that the petition was denied by the Supreme Court on November 14, 2016. **ECF No. 22** at 9. Ignorance of the law alone, even for incarcerated *pro se* petitioners, does not excuse an untimely filing. *Delaney,* 264 F.3d at 15 (citing *Fisher v. Johnson,* 174 F.3d 710, 714 (5th Cir.1999), *cert. denied,* 531 U.S. 1164 (2001)). Much like in *Dixon v. U.S.*, 729 Fed. Appx. at 19, where the First Circuit affirmed the District Court's denial of a 2255 petition, here, too, petitioner "has not proffered any facts sufficient to justify his tardiness." The

petition at **ECF No. 3** is undoubtedly time barred and petitioner has failed to make any showing for equitable tolling or any other relief that would warrant otherwise.

Finally, the petition and petitioner's arguments do not warrant an evidentiary hearing. It is axiomatic that there is no automatic right to an evidentiary hearing on a section §2255 petition. *See Cody v. United States*, 249 F.3d 47, 54 (1st Cir. 2001). A hearing is unnecessary "when the section 2255 motion (1) is inadequate on its face, or (2) although facially adequate is conclusively refuted as to the alleged facts by the files and records of the case. In other words, a §2255 motion may be denied without a hearing as to those allegations which, if accepted as true, entitle the movant to no relief, or which need not be accepted as true because they state conclusions instead of facts, contradict the record, or are inherently incredible." *United States v. McGill*, 11 F.3d 223, 225-26 (1st Cir. 1993) (citations omitted). Petitioner is not entitled to an evidentiary hearing because the §2255 petition is untimely. *See Dixon v. U.S.*, 729 Fed. Appx. 16, 18 (1st Cir. 2018)(unpublished)(declining to evaluate the merits of the petition reasoning that "[a]lthough the district court chose to deny the petition on the merits, we begin—and end—with the logically antecedent question of timeliness, which we review de novo").

### III.  Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing §2255 Proceedings, a "district court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to the applicant." Rules Governing §2255 Proceedings, Rule 11, 28 U.S.C. §2255.  To merit a COA, an applicant must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. §

2253(c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Applying that standard here, jurists of reason would not find it debatable whether petitioner's claims should be denied as untimely. Accordingly, the COA is **DENIED**.

### IV. Conclusion

Accordingly, the motion to dismiss at **ECF No. 12** is **GRANTED and ECF No. 22 is NOTED**. The §2255 petition at **ECF No. 3** is time barred and thus **DISMISSED WITH PREJUDICE** as untimely. The Clerk of the Court shall enter judgment accordingly.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 30th day of March, 2021.

                                                **S/AIDA M. DELGADO-COLÓN**
                                                **United States District Judge**